UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

In re:

        Chapter 13

JULIUS MORRIS (ESTATE), Sr.,

        Case No: 1-25-45432-jmm

        Debtor.

----------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER ON MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY

Demetrios K. Tsatis, Esq.
TSATIS & ASSOCIATES, P.C.
199 Jericho Turnpike, Suite 200
Floral Park, New York  11001
*Attorneys for Julius Morris (Estate), Sr.*

Katherine Heidbrink, Esq.
FRIEDMAN VARTOLO, LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
*Attorneys for Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT*

**INTRODUCTION**

Two days prior to a scheduled foreclosure sale, an attorney filed a chapter 13 petition for relief on behalf of the above-captioned debtor, Julius Morris (Estate), Sr. (the "Debtor"). The Debtor is not an individual but a probate estate. Probate estates are not eligible to be debtors under title 11 of the United States Code (the "Bankruptcy Code").

Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT (the "Movant"), seeks an order determining that the Debtor's petition did not commence a case and the automatic stay did not go into effect because the Debtor is ineligible to be a debtor under the Bankruptcy Code. Alternatively, Movant seeks relief from the automatic stay to foreclose on its collateral. Movant also requests the Court to impose sanctions under its inherent powers and direct Debtor's attorney to pay Movant's attorneys' fees.

As set forth more fully below, the Second Circuit Court of Appeals has held that a petition filed by an ineligible debtor commences a bankruptcy case and imposes the automatic stay. Accordingly, the Court will deny Movant's request for an order determining this case to be a legal nullity that is void *ab initio* or that the automatic stay did not go into effect upon the filing of the Debtor's petition.

Cause exists to grant relief from the automatic stay where the Debtor is a probate estate. However, Movant's request for relief from stay is moot because the Court previously entered an order dismissing this case with prejudice. Similarly, the Court is denying Movant's request to direct Debtor's attorney to pay Movant's attorneys' fees because the Court previously determined not to sanction this attorney for filing this case.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), (b)(2)(G), and 1334(b), and the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by the Order, dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

**BACKGROUND**

Carolyn Morris executed a $275,000.00 promissory note, dated November 26, 2007, in favor of Countrywide Bank FSB. Affirmation in Supp. Order Confirming Absence of Automatic Stay (the "Aff.") ¶ 4, Ex. A., B, ECF No. 9-1.[1] Carolyn Morris and Julius Morris conveyed a mortgage to Countrywide Bank FSB on real property in Queens, New York to secure Carolyn Morris' obligations under the note. Aff. ¶ 4. The Movant is the mortgage servicer for the current holder of the note and mortgage. Aff. ¶ 4.

Carolyn Morris and Julius Morris defaulted under the note and mortgage. Subsequently, Movant commenced a foreclosure action. Aff. ¶ 5. The Supreme Court of the State of New York, County of Queens, entered a Judgment of Foreclosure and Sale in favor of Movant on September 9, 2025. Aff. ¶ 5, Ex. B. Movant scheduled a foreclosure sale for November 14, 2025. Aff. ¶ 7. Movant alleges, upon information and belief, that Carolyn Morris and Julius Morris are deceased. Aff. ¶ 6.

---

[1] Citations to "ECF No. __" are references to documents filed in the Debtor's bankruptcy case.

On November 12, 2025, two days prior to the foreclosure sale, Demetrios K. Tsatis of Tsatis & Associates, P.C. ("Counsel"), filed a petition for relief under chapter 13 on behalf of the Debtor.  Pet., ECF No. 1.[2]

On November 18, 2025, the Chapter 13 Trustee moved to dismiss this case and requested a one-year bar to refiling. Mot. to Dismiss Case Barring Debtor (the "Motion to Dismiss"), ECF No. 7.  The Chapter 13 Trustee alleged there was cause to dismiss the case and to bar the Debtor from filing in the future because the Debtor is an estate that is ineligible to be a debtor under the Bankruptcy Code.  *Id*.  The Debtor did not oppose the motion or appear at the hearing on the Trustee's motion to dismiss.

On December 10, 2025, Movant sought an order confirming that neither the automatic stay nor the co-debtor stay took effect in this case, or, alternatively, granting relief from the automatic stay and codebtor stay (the "Motion").  ECF No. 9.  Additionally, Movant requested the Court to use its inherent powers and direct Counsel to pay Movant's attorneys' fees and costs. Movant did not seek an award of sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure.  Neither the Debtor nor Counsel opposed the Motion.

On January 21, 2026, the Court entered an order dismissing the Debtor's bankruptcy case and barring the Debtor from filing a bankruptcy case.  ECF No. 15.  The Court retained jurisdiction to hear and determine the Motion and whether Counsel should be sanctioned for filing a bankruptcy case for an ineligible debtor.  *Id.*  On February 5, 2026, the Court held a hearing on the Court's Order to Show Cause why Counsel should not be sanctioned.  The Court admonished

---

[2] Counsel also filed schedules of assets, liabilities, income, and expenses, a statement of financial affairs, a Chapter 13 Statement of Your Current Monthly Income (the "CMI"), and other related documents.  ECF Nos. 1, 2.  Counsel signed the petition and the verification of creditor matrix.  Counsel failed to file the Disclosure of Compensation of Attorney for Debtors under Bankruptcy Rule 2016(b).  The CMI states the Debtor has $449,726.70 in gross monthly wages and $350,000.00 in monthly alimony and maintenance payments.  ECF No. .2.  However, "Not Applicable Deceased Debtor" is handwritten at the top of the CMI.  *Id.*

Counsel for filing a bankruptcy petition for a probate estate that was *per se* ineligible for bankruptcy relief but determined not to impose sanctions and struck the matter from the calendar.

## DISCUSSION

<u>The Automatic Stay Took Effect upon the Debtor's Filing of the Petition</u>

Movant requests this Court to find that the Debtor's filing of the Petition did not trigger the automatic stay for two reasons.  First, Movant contends there is no stay because this Court should follow the line of "credit counseling cases" holding that the automatic stay is not triggered by a petition filed by a debtor that is ineligible for bankruptcy relief.  Second, Movant contends there is no automatic stay in this case because this Court should treat this case as a legal nullity as some courts have done in instances where a debtor has filed a bankruptcy case and the debtor's prior bankruptcy case is pending.  Aff. ¶ 26.

Movant primarily relies on the "credit counseling case" of *In re Salazar*, 339 B.R. 622 (Bankr. S.D. Tex. 2006).  In *Salazar*, individuals filed petitions for bankruptcy relief without obtaining the credit counseling that is required under Bankruptcy Code section 109(h).  *Id*. at 623.  Section 109 of the Bankruptcy Code defines who may be a debtor and section 109(h) states that "an individual may not be a debtor under [the Bankruptcy Code] unless the individual has . . . received . . . credit counseling."  11 U.S.C. § 109(h).  The *Salazar* court held that a bankruptcy petition, filed by a debtor who did not obtain credit counseling, did not commence a bankruptcy case or cause the automatic stay to take effect.  *Salazar*, 339 B.R. at 626.

The *Salazar* court's conclusions were based on its interpretation of Bankruptcy Code sections 109(h), 302, and 362.  As noted above, under Bankruptcy Code section 109(h), an individual is ineligible for bankruptcy relief unless the individual obtained credit counseling prior to filing for bankruptcy.  11 U.S.C. § 109(h).  Bankruptcy Code section 302 concerns joint

bankruptcy cases and provides that a joint case is commenced by the filing of a single petition by an individual that may be a debtor under such chapter and the individual's spouse. *Id.* § 302(a). Bankruptcy Code section 362 concerns the automatic stay and provides that the filing of a petition operates as a stay. *Id.* § 362(a). The *Salazar* court reasoned that under Bankruptcy Code section 302, only an individual that "may be a debtor" may file a petition. *Salazar*, 339 B.R. at 626, 632-33. An individual may file a document entitled "petition" but if the filer is ineligible to be a debtor, that document is not, in fact, a petition. *Id*. If no petition is filed, no case is commenced, and the automatic stay does not go into effect. *Id*.

The *Salazar* decision does not limit its holdings to instances in which the debtor is ineligible for bankruptcy relief due to a lack of credit counseling. Further, the decision does not limit its holdings to joint bankruptcy cases filed under Bankruptcy Code section 302. *Salazar* could be read to mean that no case is commenced and no stay arises when a debtor that is ineligible for bankruptcy relief for any reason commences a voluntary bankruptcy case under Bankruptcy Code section 301, or where an ineligible creditor commences an involuntary bankruptcy case under Bankruptcy Code section 303.

Movant correctly notes the Debtor is not eligible for chapter 13 bankruptcy relief because it is a probate estate. *See* 11 U.S.C. § 109(e) (explaining that only individuals with regular income may be debtors under chapter 13). Moreover, the Debtor is not eligible to be a debtor under any chapter of the Bankruptcy Code. *See In re Estate of Taplin, Ernest Von*, 641 B.R. 236 (Bankr. E.D. Cal. 2022); *In re Estate of Baer*, No. 23-73607, 2024 WL 234134 at *2 (Bankr. E.D.N.Y. January 22, 2024). Movant argues, citing *Salazar* and other "credit counseling cases," that a petition filed by a probate estate – which is *per se* ineligible to be a debtor -- does not

6

commence a bankruptcy case or trigger the automatic stay.  Aff. ¶ 31-32.  The Court disagrees based on Second Circuit Court of Appeals precedent.

The Second Circuit Court of Appeals in *In re Zarnel*, 619 F.3d 156, 166 (2d. Cir. 2010), rejected the holding in *Salazar* and similar cases. In *Zarnel*, the Second Circuit Court of Appeals held that an individual that had not received credit counseling may be ineligible to be a debtor under Bankruptcy Code section 109(h).  *Id.* at 166-67.  However, the *Zarnel* court noted that "the language of § 301 does not bar that debtor from commencing a case by filing a petition; it only bars the case from being maintained as a proper voluntary case under the chapter specified in the petition." *Id.* at 166–67.  The Movant argues *Zarnel* is distinguishable because the Debtor is ineligible to be a debtor under any chapter of the Bankruptcy Code.  Aff. ¶ 35.  However, the Second Circuit Court of Appeals also held the automatic stay takes effect despite the debtor's ineligibility, stating "[s]ection 362(b) lists circumstances under which the filing of a petition does not operate as a stay, but the debtor's ineligibility is not among them.  Moreover, none of the mechanisms outlined in the remainder of the statute for confirming the existence of a stay or for granting relief from one address anything related to the ineligibility of a debtor." *Zarnel*, 619 F.3d at 170; *see also In re Covelli*, 550 B.R. 256, 265 (Bankr. S.D.N.Y. 2016) (finding that a petition filed by debtor that was ineligible for relief under Bankruptcy Code section 109(g) commenced a case and imposed the automatic stay).

The *Zarnel* court also took the opportunity to abrogate its holding in *In re BDC 56 LLC*, 330 F.3d 111 (2d Cir. 2003).  In *BDC 56 LLC*, the Second Circuit Court of Appeals held that a court lacks subject matter jurisdiction over an involuntary bankruptcy case if the petitioning creditor's claim is subject to a bona fide dispute.  330 F.3d at 118.  In abrogating its holding in *BDC 56 LLC*, the *Zarnel* court stated that "a case is commenced under § 303 even if the debtor is

ineligible by virtue of, for example, being a farmer. Similarly, the ineligibility of creditors under the restrictions in § 303(b) does not prevent the case from being commenced." 619 F.3d at 167.

Movant also argues, citing *Turner v. Citizens Nat'l Bank (In re Turner)*, 207 B.R. 373 (2d Cir. B.A.P. 1997), that the Court should treat Debtor's case as a legal nullity that did not impose the automatic stay, noting that courts have deemed bankruptcy cases to be legal nullities if a debtor's prior bankruptcy case is still pending. Aff. ¶ 55-57. In *Turner*, joint debtors filed for chapter 7 bankruptcy relief and a creditor obtained relief from the automatic stay to foreclose on the debtors' home. 207 B.R. at 374. One hour after the creditor conducted the foreclosure sale, the debtors filed petitions for relief under chapter 13. *Id*. The bankruptcy court granted creditor's motion in the chapter 13 case for relief from stay to complete the foreclosure sale and the debtors appealed. *Id*. In denying the debtors' request for a stay pending appeal, the Second Circuit Bankruptcy Appellate Panel observed that the debtors' chapter 13 case "is likely null and void from its inception and subject to dismissal for cause under section 1307(c)." *Id*. at 379. Courts, however, do not uniformly nullify a bankruptcy case if a prior case is pending.[3] In *In re Lord*, 295 B.R. 16 (Bankr. E.D.N.Y. 2003), cited by Movant, the Court held the pendency of a debtor's chapter 7 bankruptcy case was *per se* cause to dismiss a subsequently filed chapter 13 bankruptcy case. 295 B.R. at 19. However, the Court did not deem the debtor's chapter 13 case to be a legal nullity or void *ab initio*. Rather, the Court simply dismissed the case. *Id*. at 21.

A bankruptcy court has discretion to deem a bankruptcy case to be void *ab initio*. As set forth above, courts have voided cases in which the debtor has a prior pending case. Additionally, courts have determined cases to be void *ab initio* if the debtor filed the case in bad faith, or the

---

[3] Declaring a case to be a legal nullity may be detrimental to creditors. Bankruptcy Code section 362(c)(3) and (c)(4) protects creditors from serial bankruptcy filers by providing for the automatic stay to terminate if an individual files more than one bankruptcy case in a year. Once a case is determined to be a legal nullity, that case could not be considered for purposes of Bankruptcy Code sections 362(c)(3) and (c)(4).

case was filed without the debtor's knowledge or consent.  *See e.g., In re* Morgan, 182 B.R. 4, 5 (Bankr. S.D.N.Y. 1995) (finding that a bankruptcy case may be deemed null and void *ab initio* if the case is filed without the debtor's consent); *In re Casse*, 198 F.3d 327, 342 (2d Cir. 1999) (affirming bankruptcy court's treatment of the debtor's Chapter 13 case as void *ab initio* because it was filed in bad faith).  Additionally, Bankruptcy Code section 362(b) empowers the Court to annul the automatic stay as of the date the case was commenced for cause shown.  *In re Bresler*, 119 B.R. 400, 404 (Bankr. E.D.N.Y. 199) (granting retroactive relief from the automatic stay based on debtor's failure to prosecute chapter 7 case).

However, creditors and other parties in interest should be cautioned that such relief is not automatic and is granted in the court's discretion.  Once a petition is filed, a case is pending and the automatic stay is in effect until – whether by operation of law or court order -- the case is dismissed, determined to be void *ab initio*, or the automatic stay is modified, terminated or annulled.  Proceeding as if a case has not been commenced or the automatic stay is not applicable, without statutory authority or court order, may result in sanctions.  *See* e.g., *In re Henderson*, No. 08-48268, 2026 WL 74742 (Bankr. E.D.N.Y. 2026).  To hold otherwise, would contravene the Bankruptcy Code's text and purpose.  *See* 11 U.S.C. 362(a) ("[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities."); *see also S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) (*"*The general policy behind [362(a)] is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected."); *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty),* 39 F.4th 62, 71 (2d Cir. 2021) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws, designed to relieve the financial pressures that drove debtors into bankruptcy.").

For the foregoing reasons, Movant's request for a determination that the Debtor's bankruptcy case is a legal nullity and the automatic stay did not go into effect is denied.

Movant's Request for Relief from the Automatic Stay is Denied as Moot

Movant would be entitled to relief from the automatic stay because the Debtor is not eligible for bankruptcy relief.  However, Movant's request for relief is moot because the Court already dismissed this case, terminating the automatic stay.

Request for Fees and Costs

Movant requested $3,887.70 of attorney's fees and costs related to cancellation of the foreclosure sale and the preparation and prosecution of the Motion.  Aff. ¶ 94-95.  Movant provided support for its contention that its fees and expenses are recoverable against Carolyn and Julius Morris pursuant to applicable non-bankruptcy law.  Aff. ¶ 78-90.  The Court could have allowed the fees if Movant were seeking to include the attorneys' fees as part of its claim against the Debtor under Bankruptcy Code section 502.  *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443 (2007).  Movant, however, admits the attorneys' fees are not recoverable from the Debtor because the Debtor is not a party to the note or mortgage.  Aff. ¶ 91. For that same reason, the Court holds that the attorneys' fees are not recoverable from Counsel.

Movant also requests this Court enter judgment in favor of Movant and against Counsel for the attorneys' fees pursuant to the Court's inherent powers.  Aff. ¶ 77.  Movant is not seeking the award as sanctions under Rule 9011 to avoid the delay associated with Rule 9011(c)(1)(A), which requires a party seeking sanctions to serve the motion 21 days before filing the motion with the Court.  The Court will not use its inherent powers to award sanctions in this instance.  The Court, *sua sponte*, entered an order directing Counsel to show cause why he should not be

10

sanctioned for commencing this case.  After hearing from Counsel, the Court determined not to impose sanctions.

## CONCLUSION

For the reasons set forth above, the Motion is denied.  Although the relief requested by Movant is inappropriate in this case, a bankruptcy filing by a probate estate, which is per se ineligible for bankruptcy relief under any chapter of the Bankruptcy Code, is improper and an abuse of the bankruptcy process.  When a probate estate files a petition for relief, dismissal with prejudice is appropriate.  Additionally, retroactive relief from the automatic stay and prospective relief from the automatic stay, such as *in rem* relief under Bankruptcy Code section 362(d)(4), may be appropriate as well.  Furthermore, an attorney that files a bankruptcy case for a probate estate is at high risk of being sanctioned.

SO ORDERED.



Dated: March 13, 2026
      Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge

11